IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






No. 365-03






EMMIT BRAGER, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SIXTH COURT OF APPEALS


WALKER COUNTY





 Johnson, J., filed a dissenting opinion in which Price, Holcomb, and
Cochran, JJ., joined.


D I S S E N T I N G O P I N I O N



 Appellant has expended enormous energy and many hours of time in activity the sole purpose of
which appears to be to disrupt appellate review and annoy the court of appeals. While I have great
empathy with and sympathy for the court of appeals, I do not agree with its resolution of the problem. In
spite of appellant's deliberate, even malicious, abuse of the system, I believe that he is correct in asserting
that Tex. Code Crim. Proc., art. 44.33(b) limits the ability of the court of appeals to dismiss his appeal for
want of prosecution.

 The result of appellant's antics is that he has failed to file a brief. This appears to be the real reason
for the dismissal of appellant's appeal; the court of appeals is exasperated and tired of wrangling with
appellant over when his brief will be filed. The court of appeals has gone far beyond that which should be
expected of it in the exercise of patience and forbearance in the face of appellant's dilatory exploits. 
However, the court of appeals had the power to cut short appellant's antics long before it did, and it
probably should have done so.

 The court of appeals is barred by our code of criminal procedure from dismissing an appeal
because of failure to file a brief. However, if an appellant does not file a brief after being afforded a
reasonable opportunity to do so, the court of appeals has the authority to decide the case without
appellant's assistance; it may review the record for fundamental error on its own motion and rule on the
basis of that internal review. It is true that the rule says "may consider," not "must consider," but the charge
given to our courts includes providing a day in court for all those who claim to be aggrieved, even the most
undeserving. Appellant is entitled to be heard on his appeal, no matter how repugnant his actions in regard
to the judicial system. Regardless of the provocation, judges are charged with following only the
law-remaining above the fray, so to speak.

 I recognize that unassigned fundamental error is rare, but without a review of the record we cannot
say with assurance that appellant does not have a legitimate complaint. I would remand to the court of
appeals with instructions to review the record for fundamental error and rule accordingly. I respectfully
dissent.

 Johnson, J.

En banc

Filed: October 13, 2004

Do not publish